IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CEASAR LIMON-PACIAS, #28755-180 ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 17-cv-1138-NJR |
| ) | |
| ROBERT FARLEY, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Ceasar Limon-Pacias, an inmate in the Bureau of Prisons, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). In November 2013, Limon-Pacias was sentenced to 77 months imprisonment after pleading guilty to illegally re-entering the United States in violation of 8 U.S.C. § 1326(b)(2). His United States Sentencing Guidelines range was enhanced after the sentencing judge found he had unlawfully remained in the United States after a conviction for a drug trafficking offense for which the sentence imposed exceeded 13 months. U.S.S.G. § 2L1.2(b)(1)(A)(i) (2013). *United States v. Limon-Pacias*, 13-cr-0356-SS, Doc. 29 (W.D. Tex. Nov. 1, 2013). Limon-Pacias is now in custody at the Federal Correctional Institution in Hinton, Oklahoma ("FCI Hinton").[1]

---

[1] Limon-Pacias was housed at the Federal Correctional Institution at Greenville, Illinois, at the time his Petition was filed, (Doc. 1), but was transferred to FCI Hinton during the pendency of this action. (Doc. 15). Because Limon-Pacias was detained within this District at the time he filed his Petition, this Court retains jurisdiction to resolve this matter even after Limon-Pacias's transfer to FCI Hinton. *See Rumsfeld v. Padilla*, 542 U.S. 426, 440-41 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."). The Court's jurisdiction is "in no way impaired or defeated by the removal of the prisoner from the territorial jurisdiction of the District Court." *Id.* at 441 n. 14; *see also United States ex rel Circella v. Sahli*, 216 F.2d 33, 37 (7th Cir. 1954).

Limon-Pacias now invokes *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016), to challenge his sentence and argue that he is entitled to be resentenced without this Guidelines enhancement. Specifically, Limon-Pacias argues that because the Texas controlled substance statute of his conviction criminalizes the "sale" and "delivery" of marijuana, but the Sentencing Guidelines' definition of a "drug trafficking offense" under Section 2L1.2(b)(1)(A)(i) refers to "distribution" and "dispensing" instead of "sale" or "delivery," this conviction can no longer support the Guidelines enhancement under *Mathis*. (Doc. 1, pp. 5–6).

Respondent opposes issuance of the writ on multiple grounds. Respondent argues that Limon-Pacias cannot satisfy the requirements of Section 2255(e)'s savings clause because his *Mathis* argument was not foreclosed by binding precedent before *Mathis* was decided, and Limon-Pacias' alleged harm cannot be deemed a "miscarriage of justice" because his sentence fell within the statutory maximum penalty for his crime of conviction notwithstanding his Guidelines enhancement. (Doc. 8, pp. 7–13). Respondent also argues that Limon-Pacias procedurally defaulted on his current habeas claim by failing to raise it on direct appeal. (*Id*. at pp. 13–15).

Limon-Pacias replied to Respondent's response. (Doc. 10). This matter is now ripe for resolution. For the reasons discussed below, Limon-Pacias's Section 2241 Petition (Doc. 1) will be denied.

### RELEVANT FACTS AND PROCEDURAL HISTORY

Limon-Pacias pleaded guilty to one count of illegal reentry into the United States pursuant to 8 U.S.C. § 1326 on August 12, 2013. *United States v. Limon-Pacias*, No. 13-cr-0356-SS, Doc. 18 (W.D. Tex. Aug. 15, 2013). His potential sentence was up to twenty years' (240 months') imprisonment pursuant to 8 U.S.C. § 1326(b)(2). *Id*. at Doc. 30, ¶ 70. The sentencing court determined that Limon-Pacias' criminal history included one drug trafficking offense for which

2

the sentence imposed exceeded 13 months, *id.* at ¶ 37, as well as two other prior felonies and at least three prior misdemeanors. *Id.* at ¶¶ 38–40, 44–45. During the sentencing hearing, the judge pointed to Limon-Pacias's lengthy criminal record, as well as his multiple deportations and subsequent illegal reentries in support of the sentence he was imposing, and ultimately sentenced Limon-Pacias to 77 months' imprisonment.[2]

Limon-Pacias filed a direct appeal, arguing that the use of his prior drug conviction violated the Sixth Amendment under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013). His appeal was denied by the Fifth Circuit. *United States v. Limon-Pacias*, No. 13-51042, Doc. 512763754 (5th Cir. Sept. 10, 2014). Limon-Pacias then filed a motion under 28 U.S.C. § 2255 in the Western District of Texas, arguing his counsel was ineffective for, among other things, failing to object to his Guidelines enhancement under *Taylor v. United States*, 495 U.S. 575 (1990). *United States v. Limon-Pacias*, No. 13-cr-0356-SS, Doc. 43, p. 3 (W.D. Tex. Jan. 5, 2016). This motion was denied by the district court, *id.*, and the denial was affirmed on appeal by the Fifth Circuit. *Id.* at Doc. 52, pp. 2–3.

## APPLICABLE LEGAL STANDARDS

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to

---

[2] Limon-Pacias was also sentenced to an additional 24 months' imprisonment, to run consecutive to the 77-month sentence, because his 2013 arrest and guilty plea violated the terms of his supervised release following a 2006 conviction. *United States v. Limon-Pacias*, No. 13-cr-0356-SS, Doc. 29, p. 5 (W.D. Tex. Dec. 5, 2013).

3

28 U.S.C. § 2255 in the court which sentenced him. A Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to only *one* challenge of his conviction and sentence under Section 2255. A prisoner may not file a "second or successive" Section 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

It is possible, however, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under Section 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his

4

conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Since *Davenport*, the Seventh Circuit has made it clear that "there must be some kind of structural problem with section 2255 before section 2241 becomes available. In other words, something more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## ANALYSIS

In light of *Mathis*, Limon-Pacias argues his Guidelines sentencing range was improperly enhanced because the statute of his prior Texas drug conviction criminalizes more behavior than the Guidelines' definition of "drug trafficking offense." (Doc. 1, pp. 5–7). Before reaching the merits of this argument, the Court must first consider whether Limon-Pacias's claim can be brought within the narrow scope of Section 2255's savings clause. The Court agrees with Respondent that Limon-Pacias cannot demonstrate the existence of a fundamental defect in his conviction or sentence that is grave enough to be deemed a miscarriage of justice, and thus he cannot satisfy the requirements of Section 2255(e)'s savings clause to bring his *Mathis* claim in a Section 2241 petition.

Some errors can be raised on direct appeal but not in a collateral attack by a Section 2255 motion or a Section 2241 petition. A claim that a defendant's Guidelines sentencing range was erroneously calculated is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013); *see also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for Section 2255

purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

The Sentencing Guidelines have been advisory since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). *Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017). The Guidelines enhancement and sentencing range that applied to Limon-Pacias was advisory, not mandatory, because he was sentenced in 2013, well after the *Booker* decision. *United States v. Limon-Pacias*, No. 13-cr-0356-SS, Doc. 21 (W.D. Tex. Nov. 1, 2013). The applicable statutory maximum sentence for Limon-Pacias's conviction at the time of his sentencing was 20 years' (240 months') imprisonment pursuant to 8 U.S.C. § 1326(b)(2). *Id*. at Doc. 30, ¶ 70. Limon-Pacias's 77-month sentence is well below the statutory maximum sentence allowed under 8 U.S.C. § 1326(b)(2).

Limon-Pacias does not explicitly argue that *Mathis* should have prevented the sentencing court's invocation of 8 U.S.C. § 1326(b)(2) to increase the statutory maximum sentence to twenty years in addition to invalidating his Guidelines enhancement.[3] However, the Court's conclusion is the same even if it assumes Limon-Pacias intended to make that argument. Limon-Pacias's criminal history contained at least one other prior felony unrelated to the contested Texas drug offense, which was sufficient to increase the statutory maximum sentence to 10 years' (120 months') imprisonment under 8 U.S.C. § 1326(b)(1). *See United States v. Limon-Pacias*, No. 13-cr-0356-SS, Doc. 30, ¶¶ 38, 44 (W.D. Tex. Nov. 1, 2013). Thus, even if the Court disregards the Texas drug conviction completely and assumes Limon-Pacias's statutory maximum sentence could only have been 120 months, his 77-month sentence still falls within that range.

---

[3] Limon-Pacias focuses his *Mathis* argument solely on the fact of his 16-level Guidelines enhancement and increased Guidelines sentencing range, not his increased statutory maximum sentence under the statute of conviction. (Doc. 1, pp. 1–10; Doc. 10, pp. 1–8).

6

Limon-Pacias argues that he could not have brought his claim within a year of his final conviction in 2013 because the argument he raises was foreclosed to him until after *Mathis* and *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016), were decided in 2016. (Doc. 10, p. 2). Even assuming, *arguendo*, that the first and second *Davenport* criteria have been met,[4] *Hawkins* dictates that an erroneous application of the advisory guidelines does not amount to a "miscarriage of justice" (the third *Davenport* factor) so long as the sentence is within the applicable statutory limit. Therefore, Limon-Pacias's Petition does not meet the criteria to bring his claim within Section 2255(e)'s savings clause.

In short, there is no meaningful way to distinguish *Hawkins* from this case. The essence of the issue in *Hawkins* was the same as the issue raised here by Limon-Pacias: the use of a prior conviction that would allegedly no longer qualify as a predicate for a Guidelines enhancement under current law. In its supplemental opinion on denial of rehearing in *Hawkins*, the Seventh Circuit summarized its holding: "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had . . . been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d at 916 (internal citations omitted). Thus, *Hawkins* remains binding precedent in this Circuit and Limon-Pacias's Petition must be dismissed.

## CONCLUSION

For these reasons, Limon-Pacias's Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1), is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

---

[4] Because *Hawkins* dictates that Limon-Pacias cannot possibly satisfy *Davenport*'s "miscarriage of justice" factor, which is dispositive of his Petition, the Court need not decide whether Limon-Pacias has satisfied the other two *Davenport* factors.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his Section 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  June 28, 2019**

<br>

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**